```
          IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF HAWAII

LUIS C. CHAVEZ, Individually  )   CIVIL 17-00446 LEK-KSC
and as Special Administrator  )
of the Estate of Marcario     )
Araujo Chavez,                )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
DEUTSCHE BANK NATIONAL TRUST  )
COMPANY, OCWEN LOAN           )
SERVICING, LLC; American Home )
Mortgage Servicing, Inc., and )
John does 1-10; doe           )
corporations 1-10; doe        )
partnerships 1-10; doe        )
entities 1-10; DOE            )
GOVERNMENTAL UNITS 1-10,      )
                              )
          Defendants.         )
_____ )
```

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS**

On September 13, 2017, Defendants Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-3, Mortgage-Backed Pass-Through Certificates Series 2007 ("Deutsche Bank as Trustee"); Ocwen Loan Servicing, LLC ("Ocwen"); and Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. ("AHMSI," collectively, "Defendants"), filed their Motion to Dismiss ("Motion"). [Dkt. no. 5.] Pro se Plaintiff Luis C. Chavez, Individually and as Special Administrator of the Estate of Marcario Araujo Chavez ("Plaintiff"), filed his memorandum in opposition on January 29,

2018, and Defendants filed their reply on February 5, 2018. [Dkt. nos. 17, 20.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendants' Motion is hereby granted in part and denied in part for the reasons set forth below. The Motion is granted insofar as Plaintiff's First Amended Complaint is dismissed without prejudice, with the exception of his claim for punitive damages, which is dismissed with prejudice.

**BACKGROUND**

Plaintiff alleges he is the owner of certain real property in Makawao, Hawai`i ("the Property"), and Defendants wrongfully attempted to foreclose upon the Property in a state court action, Deutsche Bank v. Chavez, Civil No. 11-1-0849 ("Foreclosure Action"). [Notice of Removal of Civil Action ("Notice of Removal"), filed 9/6/17 (dkt. no. 1), Decl. of J. Blaine Rogers ("Rogers Removal Decl."), Exh. C at 5-21 (First Amended Complaint, filed 7/6/17 in state court),[1] at ¶¶ 1, 7.]

---

[1] Exhibit C consists of three documents that are not consecutively paginated. All citations to Exhibit C refer to the page numbers assigned in the district court's electronic case filing system.
  Plaintiff filed his original complaint on April 6, 2016, in state court. There is no indication in the state court docket that Plaintiff served his original complaint. See Rogers Removal Decl., Exh. A (state court docket sheet). Plaintiff also filed a
(continued...)

On April 8, 2015, the state court dismissed the Foreclosure Action, without prejudice, for lack of prosecution. [Id. at ¶ 7.] According to the First Amended Complaint, Plaintiff's mortgage loan on the Property was not in default at the time the Foreclosure Action commenced, but appeared that way because Defendants had misdirected Plaintiff's funds. Plaintiff alleges that, as of October 4, 2010, the loan was current. [Id. at ¶¶ 8-10.]

Macario Araujo Chavez ("M.A. Chavez") was Plaintiff's father, and Plaintiff became the administrator of the estate after M.A. Chavez's death on November 30, 2010. Until M.A. Chavez's death, he and Plaintiff worked with AHMSI to make sure that payments were being credited to the proper account. After M.A. Chavez's death, Plaintiff continued to work with AHMSI. According to Plaintiff, beginning in March 2010, Plaintiff began receiving significant payments on insurance claims, and these payments were made through AHMSI and M.A. Chavez. However, in spite of repeated instructions from Plaintiff, AHMSI did not properly credit the insurance payments to the mortgage loan on the Property. [Id. at ¶¶ 11-13.]

---

[1] (...continued)
"Correction of Errata of Plaintiff's First Amended Complaint" ("Errata") on July 11, 2017. [Rogers Removal Decl., Exh. C at 2-4.]

According to Plaintiff, the November 2013 accounting for the mortgage loan was not correct and, by January 2014, Ocwen still had $1,656.84 from a September 2010 insurance claim that it had been holding in a different loan account instead of applying it to the mortgage loan account. [Id. at ¶ 14.] In addition, Plaintiff alleges that, in 2010 and 2011, the escrow account "was consistently over-funded by $4,000.00 or more (over $280 per month)" because of AHMSI's repeated failure to collect the correct property tax amounts. [Id. at ¶ 15.] Plaintiff repeatedly contacted AHMSI to address the over-collection problem, but the overages persisted for a two-year period. [Id. at ¶ 19.] Plaintiff alleges he "received promises that were broken as to payment amounts and applications of funds." [Id. at ¶ 32.] Further, although Defendants asserted Plaintiff defaulted on the January 2011 payment for the mortgage loan, there was almost a $900 surplus in the escrow account at that time. [Id. at ¶ 16.] The First Amended Complaint includes various other examples of alleged over-collection and misapplication of funds. [Id. at ¶¶ 16-18, 20-22, 24-28.]

Plaintiff alleges Ocwen "fabricated a misrepresentation to intentional [sic] hide funds that should have been applied to Plaintiffs [sic] loan, prior to bringing a foreclosure," while "AHMSI engaged in a pattern of negligent actions upon Plaintiff on how the funds would be applied." [Id. at ¶ 14.] He also

4

alleges "Defendants continually engaged in a willful misapplication and non-application of funds and improper time of when funds were applied, or not even applied." [Id. at ¶ 20.]

Plaintiff believes AHMSI held sufficient funds that should have been credited to the mortgage loan and that foreclosure was not warranted. [Id. at ¶ 29.] Further, a $4,400.00 payment was sent to AHMSI on April 21, 2011, which should have covered the amounts that were due on April 1, 2011, but AHMSI refused the payment, which Plaintiff alleges "made it impossible to perform from that point forward." [Id. at ¶ 30.] Plaintiff believes his mortgage loan was reinstated on August 7, 2013, but the payments still were not properly credited (assuming they were accepted at all), and he was still faced with improperly imposed interest and fees. [Id. at ¶ 38.]

According to Plaintiff, in October and December 2013, Ocwen's counsel sent Plaintiff letters, even though the foreclosure case was still active and Plaintiff was represented by counsel. Further, Plaintiff alleges Defendants acted in bad faith and with malicious intent so that they could foreclose on the Property. [Id. at ¶¶ 39-40.]

Plaintiff alleges the following claims: unfair and deceptive acts and practices ("UDAP"), under Haw. Rev. Stat. Chapters 480 and 481A ("Count I"); [id. at ¶¶ 41-53;] breach of the implied covenant of good faith and fair dealing ("Count II");

[id. at ¶¶ 54-56;] promissory estoppel ("Count III"); [id. at ¶¶ 57-62;] and a claim for punitive damages ("Count IV"), [id. at ¶¶ 63-64]. Plaintiff prays for: actual, treble, and punitive damages; a ruling that, if Defendants hold a valid mortgage, they must properly apply Plaintiff's funds; an order eliminating all of Plaintiff's interest, late fees, and other changes that resulted from Defendants' failure to determine the correct loan balance, if any; reasonable attorney's fees and costs; and any other appropriate relief. [Id. at pg. 15.]

The Errata adds allegations that Ocwen has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in particular, 15 U.S.C. §§ 1692(e) and 1692(f). [Rogers Removal Decl., Exh. C at 2-3.] The Errata also adds a prayer for relief stating that, if the Court concludes Deutsche Bank as Trustee held a valid assignment, this Court should either: issue an order requiring Deutsche Bank as Trustee to properly apply his funds and to eliminate his interest, late fees, and other charges caused by the wrongful assessments; or enter judgment in Plaintiff's favor for wrongful foreclosure. [Id. at 3.]

Defendants were served with and/or received a copy of the First Amended Complaint on or around August 7, 2017. [Notice of Removal at ¶ 6 (citing Rogers Removal Decl. at ¶ 10).] The case was removed based on diversity jurisdiction and federal

question jurisdiction, based on the claims under the FDCPA. [Id. at ¶¶ 7, 24-26.]

While Plaintiff's original complaint was pending in the state court, Plaintiff, through counsel, filed Chavez v. Deutsche Bank National Trust Co., et al., CV 17-00141 DKW-RLP, in this district court ("First Federal Action"). The Complaint in the First Federal Action was based upon substantially the same factual allegations and theories as in the instant case. See Rogers Removal Decl., Exh. B (Complaint in First Federal Action). The First Federal Action alleged the following claims: UDAP violations; a claim for declaratory judgment; wrongful foreclosure; FDCPA violations; and promissory estoppel. [Id. at ¶¶ 40-56.] Plaintiff voluntarily dismissed the First Federal Action. [CV 17-141, Notice of Dismissal Without Prejudice Pursuant to Rule 41(a)(1)(A)(i), filed 8/4/17 (dkt. no. 10).]

In the instant Motion, Defendants ask this Court to dismiss all of Plaintiff's claims in the First Amended Complaint and the Errata with prejudice because they fail to state a claim upon which relief can be granted. [Motion at 2.]

### DISCUSSION

**I. Standing**

Defendants state that, on March 7, 2007, M.A. Chavez executed a promissory note for a $650,000 loan from American Home Mortgage ("AHM" and "the Note"). [Mem. in Supp. of Motion at 2

7

(citing First Amended Complaint, Exh. 38, ¶ 7).[2]] The Note was secured by a Mortgage between M.A. Chavez, as borrower, and AHM as the lender, and the Mortgage encumbered the Property. The Mortgage was recorded with the State of Hawai`i Bureau of Conveyances as document number 2007-046460. [Motion, Decl. of J. Blaine Rogers ("Rogers Motion Decl."), Exh. A (Mortgage).[3]] The Mortgage does not list Plaintiff as a borrower, and it does not reflect that Plaintiff signed the Note. [Id. at Page 1 of 15 and Page 2 of 15.] Defendants state the Note was transferred, and the Mortgage was assigned, to Deutsche Bank as Trustee. [Mem. in Supp. of Motion at 3 (citing First Amended Complaint, Exh. 38 at ¶ 9).] Although Plaintiff is neither a party to nor a beneficiary of the Mortgage, his claims are premised upon the position that he was improperly deemed to be in default on the Mortgage. [Id. at 3-4.] Defendants argue Plaintiff lacks standing to pursue the instant case because: he cannot represent

---

[2] Defendants argue this Court may consider the fifty exhibits to the First Amended Complaint in ruling on the Motion. [Mem. in Supp. of Motion at 2-3 n.2 (citing Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429-30 (9th Cir. 1978)).] The version of the First Amended Complaint attached to the Notice of Removal does not include the attachments. However, Plaintiff filed a version of the First Amended Complaint with the exhibits. [Notice of Case Assignment, filed 6/7/18 (dkt. no. 29), Exh. 4 (First Amended Complaint).]

[3] Defendants ask this Court to take judicial notice of the Mortgage pursuant to Fed. R. Evid. 201. That request is granted because the Mortgage is a public record and its recording and contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(b)(2).

himself pro se in his capacity as the Special Administrator of M.A. Chavez's estate; and, in his individual capacity, he has not suffered an actionable injury.

### A. Plaintiff as Special Administrator

There is no indication that Plaintiff is an attorney licensed to practice in this district. He therefore is limited to represent himself, in his individual capacity, pro se. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (stating "the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities"); C.E. Pope Equity Tr. v. United States, 818 F.2d 696 (9th Cir. 1987) (holding that a non-attorney cannot appear pro se on behalf of a trust). Defendants' Motion must be granted as to the claims Plaintiff attempts to assert on behalf of M.A. Chavez's estate because this Court cannot grant Plaintiff the relief he seeks in those claims. See Fed. R. Civ. P. 12(b)(6) (stating that the defense of "failure to state a claim upon which relief can be granted" can be asserted by motion). All of Plaintiff's claims alleged on behalf of M.A. Chavez's estate are dismissed.

### B. Plaintiff's Individual Capacity

In order to establish constitutional standing to pursue claims in his individual capacity, Plaintiff

> must show (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and

> (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. . . .

See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

In ruling on Defendants' Motion, this Court must assume all of the factual allegations in the First Amended Complaint are true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating for "the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true"). Even with that assumption, Plaintiff has not alleged that he, in his individual capacity, has suffered a concrete, particularized, actual injury or that he is imminently facing such an injury. The Foreclosure Action was dismissed and, moreover, Plaintiff is not a party to either the Note or the Mortgage. Because the First Amended Complaint and Errata fail to plead a plausible basis for Plaintiff's standing to pursue the claims in this case, the Motion must be granted as to Plaintiff's claims brought in his individual capacity. See id. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))). All of Plaintiff's claims brought on his own behalf are dismissed.

### C. With or Without Prejudice

"Unless it is absolutely clear that no amendment can cure the defect" – in other words, unless amendment would be futile – "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff can pursue claims on behalf of M.A. Chavez's estate if he retains counsel. Further, it is arguably possible for Plaintiff to amend his claims to allege a plausible basis for standing by adding allegations showing that he has personally been injured, or is imminently facing injury, because of the alleged problems with M.A. Chavez's mortgage loan account. The dismissal of the First Amended Complaint must therefore be without prejudice. To the extent Defendants ask this Court to dismiss all of Plaintiff's claims with prejudice, the Motion is denied.

## II. Defendants' Other Arguments

This Court declines to rule upon the majority of the other arguments in the Motion at this time because the amendments Plaintiff may make to address his standing may affect the analysis of these arguments. However, this Court does caution Plaintiff that, insofar as he alleges "the applicable period" for his claims is 2010 to 2011, [First Amended Complaint at ¶ 17,] his UDAP claim and his FDCPA claim may be time-barred. See Haw.

11

Rev. Stat. § 480-24 ("Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues."); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."). Plaintiff may be able to address the time-bar issue by pleading facts that would support rulings that, for example, there was a continuing violation or the applicable limitations period was tolled.

The only claim that must be dismissed with prejudice is Count IV, Plaintiff's claim for punitive damages. Counts I, II, and III are Hawai`i state law claims, and

> Hawaii district courts applying Hawaii state law have . . . dismissed or granted summary judgment with respect to independent claims of punitive damages, noting that punitive damages are a type of remedy incidental to other causes of action. See Liberty Mut. Ins. Co. v. Sumo-Nan LLC, 2015 WL 2449480, *6 (D. Hawai`i May 20, 2015) ("A claim for punitive damages is not an independent tort, but a remedy that is incidental to another cause of action."); Hale v. Haw. Publ'ns., Inc., 468 F. Supp. 2d 1210, 1233 (D. Haw. 2006) (granting motion for summary judgment as to independent claim of punitive damages, but noting that plaintiff could seek punitive damages as remedy for other causes of action).

Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc., 289 F. Supp. 3d 1141, 1153 (D. Hawai`i 2018). In addition, this district court has stated:

> Although the Ninth Circuit has not addressed the issue, several courts in this circuit have held that "punitive damages are not recoverable under the FDCPA." Roundtree v. Atlantic Dev. and Inv., No. CV-09-269-PHX-DGC, 2009 WL 2132697, at *2 (D. Ariz. July 16, 2009) (citing Wood v. Midland Credit Mgmt., Inc., No. CV 053881 FMCMANX, 2005 WL 3159639, at *5 (C.D. Cal. July 29, 2005); Catalfamo v. Countrywide Home Loan, No. CV F 08-117 LJO TAG, 2008 WL 4158432, at *5 (E.D. Cal. Sept. 4, 2008)). Based on the language of the statute, the Court finds these opinions persuasive and finds that Plaintiff is not entitled to punitive damages.

Slater v. PRA Recovery, Civil No. 12-00290 HG-RLP, 2012 WL 5269400, at *7 (D. Hawai`i Sept. 21, 2012), *report and recommendation adopted*, 2012 WL 5269390 (Oct. 22, 2012). This Court also finds the above caselaw to be persuasive and concludes that Plaintiff cannot recover punitive damages for his FDCPA claim.

The dismissal of Count IV is therefore with prejudice. This dismissal, however, does not preclude Plaintiff from including a request for punitive damages in his **prayer for relief** for his state law claims, if such relief is appropriate based on the factual allegations of this case.

### III. Summary and Leave to Amend

All of Plaintiff's claims are dismissed without prejudice, except Count IV, which is dismissed with prejudice.

13

Plaintiff will therefore be allowed to file a second amended complaint that alleges all of the claims in the First Amended Complaint and the Errata, except for Count IV.  This Court reminds Plaintiff that his second amended complaint must address the defects discussed in this Order, including the retention of counsel to represent him if he wishes to pursue claims on behalf of M.A. Chavez's estate.  The Court orders Plaintiff to file his second amended complaint by **September 21, 2018**.

  The Court cautions Plaintiff that his second amended complaint must state all of his remaining claims – *i.e.*, his UDAP claim, breach of the implied covenant of good faith and fair dealing claim, his promissory estoppel claim, and his FDCPA claim – as well as all of the factual allegations, exhibits, and legal theories that these claims rely upon.  Plaintiff cannot rely upon or incorporate by reference any portion of his original Complaint or his First Amended Complaint.  This Court will not consider Plaintiff's second amended complaint collectively with his prior filings in this case.  Further, Plaintiff is not allowed to add any new claims, parties, or theories of liability in the second amended complaint.  If he wishes to do, he must file a motion for leave to amend, and that motion will be considered by the magistrate judge.[4]

---

[4] If Plaintiff wishes to file a motion for leave to amend, he must also move for an amendment of the scheduling order
(continued...)

This Court also cautions Plaintiff that, if he fails to file his second amended complaint by **September 21, 2018**, his claims will be dismissed with prejudice. In other words, Plaintiff will no longer have any claims remaining in this case, and the case will be closed. Further, if any claim in Plaintiff's second amended complaint fails to address the defects identified in this Order, that claim may be dismissed with prejudice.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss, filed September 13, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as: Plaintiff's First Amended Complaint, filed on July 6, 2017 in state court, is DISMISSED, in its entirety; and the dismissal of Count IV – Plaintiff's claim for punitive damages – is WITH PREJUDICE. The Motion is DENIED insofar as the dismissal of all of Plaintiff's other claims is WITHOUT PREJUDICE.

Plaintiff must file his second amended complaint by **September 21, 2018**, and it must comply with the rulings in this Order. This Court EMPHASIZES that the filing of any motion for

---

[4] (...continued)
because the deadline to add parties and amend pleadings passed on June 15, 2018. [Amended Rule 16 Scheduling Order, filed 5/18/18 (dkt. no. 28), at ¶ 5.]

reconsideration of this Order **does not** affect the deadline for Plaintiff to file his second amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 27, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LUIS C. CHAVEZ, ETC., ET AL. VS. DEUTSCHE BANK NATIONAL TRUST CO., ET AL; CIVIL 17-00446 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**