# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 17-00446 LEK-RT |
| CASE NAME: | Luis C. Chavez vs. Deutsche Bank National Trust Company et al., |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 10/30/2020 |

COURT ACTION:   EO: COURT ORDER RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      On August 28, 2020, Defendants Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-3, Mortgage-Backed Pass-Through Certificates Series 2007-3; Ocwen Loan Servicing, LLC; and Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. (collectively "Defendants") filed their Motion for Summary Judgment ("Motion").  [Dkt. no. 125.] Plaintiff Luis C. Chavez, Individually and as Special Administrator of the Estate of Macario Araujo Chavez ("Plaintiff"), filed his memorandum in opposition to the Motion on September 25, 2020, and Defendants filed their reply on October 2, 2020.  [Dkt. nos. 134, 135.]  The Motion came on for hearing on October 16, 2020.

      The parties are hereby informed that the Motion is GRANTED, and summary judgment is GRANTED in favor of Defendants as to all of Plaintiff's claims.  The Court's rulings include, but are not limited to:

1)   The claim brought by Plaintiff in his individual capacity ("Plaintiff Individually") alleging unfair and deceptive acts and practices, in violation of Haw. Rev. Stat. § 480-2, fails because: the majority of the events that the claim is based upon are time-barred; see Haw. Rev. Stat. § 480-24; and the timely events do not constitute unfair or deceptive acts or practices, see Hungate v. Law Office of David B. Rosen, 139 Hawai`i 394, 410-11, 391 P.3d 1, 17-18 (2017) (describing when an act or practice is unfair or deceptive).

2)   The claim by Plaintiff Individually alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, fails because he failed to present sufficient evidence to raise a triable issue of fact as to the alleged violations of either 15 U.S.C. §§ 1692d, 1692e, or 1692f(6).

3)   The claim brought by Plaintiff on behalf of the Estate of Macario Araujo Chavez ("the Estate" and "Plaintiff as Administrator") alleging breach of contract fails because

Macario Araujo Chavez and the Estate breached the loan contract, and therefore Plaintiff as Administrator cannot enforce the loan contract through a breach of contract claim. See Furuya v. Ass'n of Apartment Owners of Pac. Monarch, Inc., 137 Hawai`i 371, 385, 375 P.3d 150, 164 (2016).

4) The claims by Plaintiff as Administrator for promissory estoppel and conversion fail because those are equitable claims, and the Estate had adequate legal remedies available to it. See Porter v. Hu, 116 Hawai`i 42, 55, 169 P.3d 994, 1007 (Ct. App. 2007) (stating "the absence of an adequate remedy at law" is a "necessary prerequisite" to bring a suit for an equitable remedy (citation and quotation marks omitted)).

5) The claim by Plaintiff Individually alleging intentional interference with prospective economic advantage fails because Plaintiff has not presented sufficient evidence to raise a triable issue of fact as to the state of mind or motive required for this claim. See Meridian Mortg., Inc. v. First Hawaiian Bank, 109 Hawai`i 35, 48, 122 P.3d 1133, 1146 (Ct. App. 2005) ("The plaintiff must prove that the defendant either pursued an improper objective of harming the plaintiff or used wrongful means that caused injury in fact. Asserting one's rights to maximize economic interests does not create an inference of ill will or improper purpose." (citation omitted)).

6) The quiet title claim by Plaintiff as Administrator fails because the Estate no longer holds title to the property at issue in this case. See Maui Land & Pineapple Co. v. Infiesto, 76 Hawai`i 402, 408, 879 P.2d 507, 513 (1994) (stating a plaintiff in a quiet title action "must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants" (citation omitted)).

7) The fraud claim by Plaintiff Individually fails because Plaintiff has not identified sufficient evidence to raise a triable issue of fact as to the elements of fraud. See Fisher v. Grove Farm Co., 123 Hawai`i 82, 103, 230 P.3d 382, 403 (Ct. App. 2009) (listing the elements of a fraud claim). Even if there are issues of fact as to whether Defendants made false representations, Plaintiff has failed to raise a triable issue as to the question of whether his reliance on those representations caused the injuries that he bases this claim upon.

8) The intentional infliction of emotional distress ("IIED") claim by Plaintiff Individually fails because Plaintiff has not presented sufficient evidence of causation to raise a triable issue of fact. See Young v. Allsate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008) (stating the elements of an IIED claim).

9) The negligent infliction of emotional distress ("NIED") claim by Plaintiff Individually fails because Plaintiff has not presented any evidence that he or anyone else suffered physical injuries. See Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai`i 34, 69–70, 58 P.3d 545, 580–81 (2002). Further, even if Plaintiff was allowed to supplement the summary judgment record to include evidence of the treatment that Plaintiff's counsel referred to during the hearing on the Motion, Plaintiff's NIED claim would fail for a lack of

causation. <u>See id.</u> (stating the physical injury must have been caused "by the defendant's conduct").

10)     Finally, the claim by Plaintiff as Administrator alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, fails because: the majority of the events that the claim is based upon are time-barred; <u>see</u> 12 U.S.C. § 2614; and, as to events that are arguably within the actionable period, Plaintiff has failed to present sufficient evidence to raise a triable issue of fact regarding any letter he sent on behalf of the Estate that constitutes a qualified written request and that Defendants failed to respond to, <u>see</u> 12 U.S.C. § 2605(e).

Thus, there are no genuine issues of material fact for trial, and Defendants are entitled to judgment as a matter of law as to all of Plaintiff's claims. <u>See</u> Fed. R. Civ. P. 56(a). A written order will follow that will supersede these rulings. If Plaintiff wishes to file a motion for reconsideration, he must wait until the written order is filed to do so.

        IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager