IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Aug 31, 2021**
Michelle Rynne, Clerk of Court

| | |
|---|---|
| LUIS C. CHAVEZ, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MARCARIO ARAUJO CHAVEZ;<br><br>     Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, OCWEN LOAN SERVICING, LLC, AMERICAN HOME MORTGAGE SERVICING, INC., JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE ENTITIES 1-10, DOE GOVERNMENTAL UNITS 1-10,<br><br>     Defendants. | CIV. NO. 17-00446 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR ATTORNEYS' FEES |

FINDINGS AND RECOMMENDATION TO GRANT
<u>DEFENDANTS' MOTION FOR ATTORNEYS' FEES</u>

Before the Court is Defendants' Motion for Attorneys' Fees ("Motion" or

"Motion for Attorneys' Fees"), filed on May 12, 2021. ECF No. 164. Defendants

seek attorneys' fees in the amount of $167,783.40 and Hawaii general excise tax in

the amount of $7,869.55 for a total of $175,652.95. The Court elects to decide the

Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After carefully reviewing the Motion, Opposition, Reply, records in this case, and applicable law, the Court FINDS and RECOMMENDS that out of the total amount of attorneys' fees and general excise tax requested, $9,611.98 should be deducted due to a 5% across-the-board reduction for redactions to the billing statements. The Court RECOMMENDS Defendants be awarded a total of $159,394.23 in attorneys fees' and $6,646.74 in Hawaii general excise tax for a total of $166,040.97.

BACKGROUND

Plaintiff commenced this action in the Circuit Court of the Second Circuit of the State of Hawaii on April 6, 2016. ECF No. 1-2. Defendants removed this case to federal court on September 6, 2017. ECF No. 1. Defendants moved to dismiss this case on September 13, 2017. ECF No. 5. The Court entered its order dismissing all claims without prejudice on June 27, 2018, with the exception of Plaintiff's punitive damages claim, which was dismissed with prejudice. ECF No. 32. Plaintiff was given leave to file a second amended complaint. Id.

On December 10, 2018, Plaintiff filed a Second Amended Complaint individually and as special administrator of the estate of Macario Araujo Chavez. ECF No. 44. The Court entered an Order Granting in Part and Denying in Part

2

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint on May
31, 2019.  ECF No. 61.

Plaintiff was granted leave to file an amended complaint and on November
13, 2019, Plaintiff filed a Third Amended Complaint.  ECF No. 81.  Defendants
explain that during Plaintiff's deposition, Plaintiff "testified that he was seeking
$80 million against Defendants for emotional distress."  ECF No. 164-1 at PageID
#: 2155-2156.

On November 30, 2020, the Court entered its Order Granting Defendants'
Motion for Summary Judgment dismissing all of Plaintiff's claims.  ECF No. 147.
On March 24, 2021, Plaintiff's Motion for Reconsideration of the Order Granting
Defendants' Motion for Summary Judgment was denied (ECF No. 154), and
judgment was entered that same day (ECF No. 155).

Defendants filed their Motion for Attorneys' Fees on May 12, 2021.  ECF
No. 164.  Plaintiff filed a Memorandum in Opposition to Defendants' Motion for
Attorneys' Fees on May 19, 2021.  ECF No. 165.  On May 26, 2021, Defendants
filed a Reply Memorandum in Support of Motion for Attorneys' Fees.  ECF No.
167.

DISCUSSION

I.     Meet and Confer Requirement Pursuant to LR54.2

Local Rule 54.2 requires that "[p]rior to filing a Fee Motion, the parties

involved shall meet and confer in a good faith attempt to agree on the amount of

fees or related nontaxable expenses that should be awarded." LR54.2(d). "Failure

to follow [the] rules regarding Fee Motions . . . may, in the court's discretion,

result in the denial of such motions with prejudice." LR54.2(h). In this case, the

parties did not confer before the filing of the present Motion. There appears to

have been miscommunication between the parties regarding the scheduling of the

pre-motion meeting and the delivery of documents in support of the instant fee

motion. This situation could have been resolved through efforts by both sides to

communicate with one another. While the Court declines to deny the instant

Motion with prejudice, it is well within this Court's discretion to do so. Counsel

for Plaintiff and the Defendants are informed that future violations of LR54.2 will

result in sanctions or denial of the fee motion with prejudice.

II.     Calculation of Reasonable Attorneys' Fees

The Court has subject matter jurisdiction over Plaintiff's claim pursuant to

diversity jurisdiction under 28 U.S.C. § 1332. A federal court sitting in diversity

applies state law to determine whether Plaintiff is the prevailing party entitled to

attorneys' fees and costs. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877,

883 (9th Cir. 2000). In this case, Hawaii law is applicable. Under Hawaii law,

attorneys' fees cannot be awarded as damages or costs unless provided by statute,

stipulation, or agreement. Stanford Carr Dev. Corp. v. Unity House, Inc., 111

Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citing Weinberg v. Mauch, 78

Hawaiʻi 40, 53, 890 P.2d 277, 290 (1995)). Plaintiff seeks an award pursuant to

Haw. Rev. Stat. § 607-14, which states in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all
> actions on a promissory note or other contract in writing that provides
> for an attorney's fee, there shall be taxed as attorneys' fees, to be paid
> by the losing party and to be included in the sum for which execution
> may issue, a fee that the court determines to be reasonable; provided
> that the attorney representing the prevailing party shall submit to the
> court an affidavit stating the amount of time the attorney spent on the
> action and the amount of time the attorney is likely to spend to obtain a
> final written judgment, or, if the fee is not based on an hourly rate, the
> amount of the agreed upon fee. The court shall then tax attorneys' fees,
> which the court determines to be reasonable, to be paid by the losing
> party; provided that this amount shall not exceed twenty-five per cent
> of the judgment.

Id. To award reasonable attorneys' fees under Haw. Rev. Stat. § 607-14, the Court

must determine whether (1) the moving party is the prevailing party; (2) a

promissory note or contract provides for attorneys' fees in writing or whether the

action is in the nature of an assumpsit; (3) the hourly rate and fees requested are

reasonable; and (4) the fees do not exceed twenty-five (25) percent of the

judgment.

5

A.    Prevailing Party

Plaintiff must be the prevailing party to be entitled to reasonable attorneys'

fees under Haw. Rev. Stat. § 607-14.  "[I]n general, a party in whose favor

judgment is rendered by the district court is the prevailing party in that court . . . "

MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992)

(citation omitted).  The judgment need not result from a ruling on the merits.

Ranger Ins. Co. v. Hinshaw, 103 Hawaiʻi 26, 31, 79 P.3d 119, 124 (2003) (quoting

Wong v. Takeuchi, 88 Hawaiʻi 46, 49, 961 P.2d 611, 614 (1998)).  In this case,

Plaintiff did not object to Defendants' status as the prevailing parties.  Summary

Judgment was entered in favor of Defendants on November 30, 2020 (ECF No.

147), and judgment was entered on March 24, 2021 in favor of Defendants (ECF

No. 155).  As such, the Defendants are the prevailing parties.

B.    Contractual and Statutory Provision for Attorneys' Fees

Haw. Rev. Stat. § 607-14 requires that the action be in the nature of

assumpsit, on a promissory note, or on a written contract providing for attorneys'

fees.  In this case, Plaintiff is entitled to attorneys' fees under Haw. Rev. Stat. §

607-14 because the parties entered into a written contract that provides for it and

this case is in the nature of assumpsit.  In this case, the mortgage provides in

writing for an award of attorneys' fees.  ECF No. 164-4 at PageID #: 2184, ¶ 14.

6

In addition, this action is in the nature of assumpsit.  "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  808 Dev., LLC v. Murakami, 111 Hawaiʻi 349, 366, 141 P.3d 996, 1013 (2006) (citing Blair v. Ing, 96 Hawaiʻi 327, 332, 31 P.3d 184, 189 (2001)).  "Whether 'assumpsit' exists so as to trigger HRS § 607-14 depends upon the 'essential character of the underlying action in the trial court.'"  Kamalu v. Paren, Inc., 110 Hawaiʻi 269, 275, 132 P.3d 378, 384 (2006) (citing Leslie v. Estate of Tavares, 93 Hawaiʻi 1, 4, 994 P.2d 1047, 1050-51 (2000)).  "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought."  Blair, 96 Hawaiʻi at 332, 31 P.3d at 189 (citing Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997)).

"In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action."  TSA Intern. Ltd. V. Shimizu Corp., 92 Hawaiʻi 243, 264, 990 P.2d 713, 734 (1999) (citing Schulz v. Honsador, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984)).  "The focus of this analysis is thus on the 'substance' of the action, 'rather than [on] the formal language employed or the form of the pleadings."  Kona Enters., 229 F.3d at 884 (citation omitted).  "Hence, the mere

7

use of tort language in a complaint does not control the characterization of the

action either in assumpsit or tort." Id. "Instead, '[t]he character of the action

should be determined from the facts and issues raised in the complaint, the nature

of the entire grievance, and the relief sought.'" Id. (citing Leslie, 93 Hawaiʻi at 6,

994 P.2d at 1052. "[W]here there is doubt as to whether an action is in assumpsit

or in tort, there is a presumption that the suit is in assumpsit." Blair, 96 Hawaiʻi at

332, 31 P.3d at 189 (citing Leslie, 93 Hawaiʻi at 6, 994 P.2d at 1052 (citations

omitted).

In this case, after reviewing the entire pleading, evaluating the nature of the

claims, and reviewing the relief sought, Plaintiff's tort claims are irrefutably linked

to and derived from Plaintiff's breach of contract claim. This Court agrees with

the Defendants that "[Plaintiff's] claims arise from or relate to the Note and

Mortgage on his property." ECF No. 163 at PageID #: 2133. The Court thus finds

that the essential character of this case is in assumpsit. "Further, a plaintiff's

prayer for attorney fees is a significant indication that the action is in assumpsit."

Helfand, 105 F.3d at 537 (citing Healy-Tibbits Constr. Co. v. Hawaiian Indep.

Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982)). Plaintiff indeed requests in his

Third Amended Complaint that "an award be made to Plaintiff for reasonable

attorneys' fees and costs as permitted under applicable federal and/or state law."

ECF No. 81 at PageID #: 782.

The Court also finds that the tort and assumpsit claims in this case are inextricably intertwined such that apportioning the fees between assumpsit and non-assumpsit claims is impracticable. Blair, 96 Hawaiʻi at 332, 31 P.3d at 189 (citing TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 264, 990 P.2d 713, 734 (1999)). It is clear that the hours billed are not directed at any specific claim, but relate to the action as a whole. In fact, in practice, it would be nearly impossible to divide each task performed between tort versus assumpsit claims as all work performed in this case was aimed at having Plaintiff's operative complaint dismissed.

Similarly, this Court finds that it is not possible to divide the fees between those incurred while Plaintiff was acting as an individual versus a special administrator in this case. Because these issues are inextricably intertwined and billing for them cannot be separated, the Court finds that Plaintiff is liable both individually and jointly for the fees in this case. Plaintiff does not provide any authority in support of his arguments, but the Defendants have argued that Gurrobat v. HTH Corp. is applicable to this case. Gurrobat v. HTH Corp., 135 Hawaiʻi 128, 141, 346 P.3d 197, 210 (2015). This Court agrees. In Gurrobat, the Hawaii Supreme Court held that non-prevailing parties were jointly and severally liable for the payment of attorneys' fees in circumstances similar to this case. Id. ("Defendants proceeded jointly through the entirety of the proceedings[,] . . . were

9

represented by the same counsel, and submitted a single set of briefs. Although

liability for the damage award can and will be divided between the Defendants on

remand, the work that Gurrobat's counsel put in to the case cannot readily be

divided. We therefore hold Defendants jointly and severally liable for the payment

of appellate fees and costs"). Accordingly, Plaintiff is jointly and severally liable

for any award of attorneys' fees in this case.

> C.    Calculating Reasonable Attorneys' Fees

Hawaii courts calculate the reasonableness of attorneys' fees using a method

nearly identical to the traditional "lodestar" calculation, which multiplies (1) the

number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v.

Eckerhart, 461 U.S. 424, 433 (1983); Sheehan v. Centex Homes, 853 F. Supp. 2d

1031, 1041 (D. Haw. 2011) (citing DFS Group L.P. v. Paiea Props., 110 Hawaiʻi

217, 222, 131 P.3d 500, 505 (2006); Schefke v. Reliable Collection Agency, Ltd.,

96 Hawaiʻi 408, 446, 32 P.3d 52, 90 (2001).

The lodestar amount may also be adjusted based on an evaluation of the

following factors, which have not been subsumed in the lodestar calculation:

(1) the time and labor required, the novelty and difficulty of the
    questions involved and the skill requisite properly to conduct the
    cause;

(2) whether the acceptance of employment in the particular case will
    preclude the lawyer's appearance for others in cases likely to arise
    out of the transaction, and in which there is a reasonable expectation
    that otherwise he would be employed, or will involve the loss of

10

other employment while employed in the particular case or
antagonisms with other clients;

(3) the customary charges of the Bar for similar services;

(4) the amount involved in the controversy and the benefits resulting to
the client from the services;

(5) the contingency or the certainty of the compensation; and

(6) the character of the employment, whether casual or for an
established and constant client.

Sheehan, 853 F. Supp. 2d at 1041 (citing Chun v. Bd. Of Trs. Of Emps.' Ret. Sys.

Of Haw. ("Chun II"), 106 Hawaiʻi 416, 435, 106 P.3d 398, 358 (2005) (citations

omitted). There is a strong presumption that the lodestar amount calculated is

reasonable. See Schefke, 96 Hawaiʻi at 443, 32 P.3d at 87, n .72; (citing City of

Burlington v. Dague, 505 U.S. 557, 562 (1992)).

Plaintiff argues that he is entitled to know how much of the requested fees

will be paid to each Defendant. Plaintiff argues that "[b]ecause the three moving

Defendants have offered no evidence regarding apportionment of the cumulative

fees allegedly incurred amongst themselves, it is impossible to ascertain whether

the amounts requested are reasonable." ECF No. 165 at PageID #: 2309. This

Court disagrees and shall not require Defendants to separate its billing according to

client. Billing by client and not by task would result in great inefficiencies, which

will likely significantly increase the amount of hours expended during litigation.

Moreover, Defendants have provided invoices that clearly document the time

11

expended on each task.  There is absolutely no excuse as to why Plaintiff could not

determine the reasonableness of the hours expended by these detailed invoices and

charts provided by Defendants.

Below is a summary of fees, costs, and hourly rates requested by Plaintiff:

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| David A. Nakashima (DAN) (partner, practicing for 43 years) | $350.00 | 328.2 | $114,870.00 |
| Jade Lynne Ching (JLC) (partner, practicing for 28 years) | $350.00 | 4.0 | $1,400.00 |
| Ryan B. Kasten (RBK) (associate, practicing for 11 years) | $210.00 | 108.3 | $22,743.00 |
| Noreen M. Kanada (NMK) (legal assistant for 22 years) | $150.00 | 126.2 | $18,930.00 |
| Subtotal | | 566.7 | $157,943.00 |
| Tax | | | $7,442.25 |
| Total | | | **$165,385.25** |

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| J. Blaine Rogers (partner, practicing for 14 years) | $325.00 | 1.8 | $585.00 |
| J. Blaine Rogers (partner, practicing for 14 years) | $360.00 | 1.7 | $612.00 |
| J. Blaine Rogers (partner, practicing for 14 years) | $248.00 | 17.8 | $4,414.40 |
| Aglae Vandenberg (associate, practicing for 4 years) | $225.00 | 10.6 | $2,385.00 |
| Aglae Vandenberg (associate, practicing for 4 years) | $210.00 | 1.1 | $231.00 |
| Aglae Vandenberg (associate, practicing for 4 years) | $185.00 | 0.3 | $55.50 |

| | | | |
|---|---|---|---|
| Stephen Millwood (associate, practicing for 3 years) | $225.00 | 0.2 | $45.00 |
| Stephen Millwood (law clerk) | $125.00 | 12.1 | $1,512.50 |
| **Subtotal** | | 45.6[1] | $9,840.40 |
| **Tax** | | | $427.30 |
| **Total** | | | **$10,267.70** |

1.  Reasonable Hourly Rate

The Court must determine whether the hourly rates requested for Plaintiff's

attorneys and paralegals are reasonable. "Hawaii courts consider the reasonable

hourly rate in a manner virtually identical to the traditional lodestar formulation,

and some Hawaii state courts have considered federal law in determining a

reasonable hourly rate." Sheehan, 853 F. Supp. 2d at 1042 (citing County of Haw.

v. C & J Coupe Family Ltd. P'ship, 120 Hawaiʻi 400, 407, 208 P.3d 713, 720

(2009); Blum v. Stenson, 465 U.S. 886, 895 (1984)).  This Court finds that federal

case law regarding the determination of a reasonable hourly rate is instructive in

this case.  See Sheehan, 853 F. Supp. 2d at 1042.

The reasonable hourly rate is determined by the prevailing market rate in the

relevant community for similar work performed by attorneys of comparable skill,

experience, and reputation.  Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th

Cir. 2019) (citing Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir.

---

[1] There is an error in Defendants' attorney fees summary chart.  The total amount
is listed as 46.6, but when calculating all hours expended, the total amount
expended is 45.6 hours.

2008)); <u>Webb v. Ada County</u>, 285 F.3d 829, 840 (9th Cir. 2002); <u>Chalmers v. City

of Los Angeles</u>, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community

is the forum in which the district court sits.  <u>Camacho</u>, 523 F.3d at 979 (citing

<u>Barjon v. Dalton</u>, 132 F.3d 496, 500 (9th Cir. 1997)).  In this case, the relevant

community is the District of Hawaii.

    "It is the responsibility of the attorney seeking fees to submit evidence to

support the requested hourly rate."  <u>Roberts</u>, 938 F.3d at 1024 (citing <u>Hensley v.

Eckerhart</u>, 461 U.S. 424, 433 (1983)) (Camacho, 523 F.3d at 980).  "The burden is

on the fee applicant 'to produce satisfactory evidence' of the prevailing market

rates."  <u>Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.</u>, 788 F.3d 1033, 1041

(9th Cir. 2015) (citing <u>Blum</u>, 465 U.S. at 895).  In addition to their own statements,

attorneys are required to submit additional evidence that the rate charged is

reasonable.  <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

<u>See</u> also <u>Camacho</u>, 523 F.3d at 980 ("To inform and assist the court in the exercise

of its discretion, the burden is on the fee applicant to produce satisfactory

evidence—in addition to the attorney's own affidavits—that the requested rates are

in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation").

    The Court is well aware of the rates awarded in this district and finds that the

hourly rates requested for all attorneys, associates, and law clerk are reasonable.

See Roberts, 938 F.3d at 1023; Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir.

2011) (the Ninth Circuit held that district court did not abuse its discretion by

relying on its own knowledge and experience to determine the reasonable hourly

rate for attorneys' fees); Sam K., 788 F.3d at 1041 ("[d]istrict courts may also use

their 'own knowledge of customary rates and their experience concerning

reasonable and proper fees.'")).  Moreover, Plaintiff did not object to the hourly

rates Defendant requests.

The Court notes that the Defendants provided the Court with substantial

evidence supporting the requested rates by citing to authority in support of the

hourly rates and by providing a declaration that generally explains the requested

amounts.  Accordingly, the Court finds that the hourly rates requested are

reasonable.

### 2.    Hours Reasonably Expended

The Court shall now determine whether the fees requested are reasonably

necessary to achieve the results obtained.  Barranco v. 3D Sys. Corp., Civ. No. 13-

00412 LEK-RLP, 2014 WL 12650678, at *1 (D. Haw. Sept. 3, 2014) (citing

Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).

For the same reasons discussed above, the Court finds that federal case law is

instructive in determining the reasonable hours expended in this case.  See Sheehan

v. Centex Homes, 853 F. Supp. 2d 1031, 1043 (D. Haw. 2011).  A prevailing party

seeking attorneys' fees bears the burden of documenting the appropriate hours

expended in litigation and must submit evidence in support of those hours worked.

Hensley, 461 U.S. at 433; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir.

1992).  The Court must guard against awarding fees that are excessive, duplicative,

or unnecessary.  Barranco, 2014 WL 12650678, at *1 (citing Tirona, 821 F. Supp.

at 637).

       After careful review of the work performed in this case, the Court finds that

Defendants' requested fees are largely reasonable.  However, there are portions

where the description of the work performed were redacted.  The Court is unable to

determine whether the hours expended are reasonable if it does not know what task

was performed.  The Court has carefully reviewed each invoice submitted and

finds that a 5% across-the-board reduction is reasonable to account for the missing

information due to the redactions.  See Robinson v. Plourde, 717 F. Supp. 2d 1092,

1100 (D. Haw. 2010) (15% across-the-board reduction was appropriate for block

billing).  This percentage is fair and proportionate because approximately 5% of

each invoice is redacted such that this Court is unable to determine whether the

requested amounts are reasonable.  Thus, the 5% reduction fairly reflects the

proportion of billing that has been redacted.  For example, counsel's bill will state

"telephone conference with K. Pelietier re" but will not provide any information

about the general subject matter that was discussed.  ECF No. 164-5 at PageID #:

16

2196.  The total fees requested before general excise taxes are $167,783.40.  Five

percent of $167,783.40 is $8,389.17.  Thus, the Court will subtract $8,389.17 from

$167,783.40 , which equals $159,394.23 (without general excise tax).

### 3.    Total Lodestar Award

The Lodestar award was calculated by multiplying the number of hours

reasonably expended by the reasonable hourly rate.  The five percent reduction was

taken after the Lodestar calculation.  The Lodestar amount is $167,783.40.  The

Court then reduced the total fees by 5%, which equals $159,394.23.  General

excise tax of 4.17% will be added.  The total attorneys' fees award including the

5% reduction and general excise tax is $166,040.97.

### D.    Twenty-Five Percent Limitation on Fees

Haw. Rev. Stat. 607-14 limits the amount of attorneys' fees awarded to

"twenty-five [25] per cent of the judgment."  In this case, the Court ruled in favor

of the Defendants.  As Defendants point out, Plaintiff claimed "$80 million for his

emotional distress, which his attorney confirmed incorporated 'all the damages.'"

ECF No. 164-1 at PageID #: 2165.  Twenty-five percent of $80 million is $20

million, which is substantially more than $166,041.97.

Where a plaintiff has not alleged a specific amount of damages, courts have

looked to the outstanding loan amount, including penalties and interest.  See Au v.

Funding Group, Inc., 933 F. Supp. 2d 1264, 1273 (D. Haw. 2013) ("Under the

circumstances, it would be proper for the Court to base the calculation on the value of the loan amount"). The outstanding loan amount, including penalties and interest, is $1,028,943.58. ECF No. 164-1 at PageID #: 2165. Twenty-five percent of $1,028,943.58 is $257,235.90, which is also more than $166,041.97.

### CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT Defendants' Motion for Attorneys' Fees, but apply an across-the-board reduction of 5% for redactions that remove information needed to determine the reasonableness of the work performed. This Court RECOMMENDS that the district judge award $159,394.23 in attorneys' fees and $6,646.74 in general excise tax.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 31, 2021.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 17-00446 LEK-RT;  *Luis C. Chavez, et al. vs. Deutsche Bank National Trust Company, et al.*;  Findings and Recommendation to Grant Defendants' Motion for Attorneys' Fees